**NANCY BRYN ROSENFELD**
California State Bar # 99108
1168 Union Street, Ste. 303
San Diego, CA  92101-3818
Office: (619) 234-3616
Fax:    (619)234-0054

Attorney for Defendant
**RUDY TIJERINA, JR.**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HON.  JEFFREY T. MILLER)

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | CASE NO. **08-CR 1540 JM** |
|     Plaintiff,    ) | Date:   June 6,  2008 |
|        ) | Time:   11:00 a.m. |
| v.    ) | **NOTICE OF MOTION AND** |
|       ) | **MOTION FOR DISCOVERY** |
| **RUDY TIJERINA, Jr. (5)**    ) | |
| _____) | |

**TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY; AND STEWART YOUNG, ASSISTANT UNITED STATES ATTORNEY**:

     **PLEASE TAKE NOTICE** that on June 6, 2007 at 11:00 a.m., or as soon thereafter as counsel may be heard, the Defendant, Rudy Tijerina, Jr.  will present the following motion for discovery.

     Said Motions will be based upon this Notice of Motions, the Motions attached hereto, the Statement of Facts and Points of Authorities filed herewith, as well as any and all other evidence presented at the time of the hearing of said Motions.

Dated: May 28, 2007

                         */S/ Nancy Bryn Rosenfeld*
                         NANCY BRYN ROSENFELD
                         Attorney for Defendant
                         RUDY TIJERINA

**NANCY BRYN ROSENFELD**
California State Bar No. 99108
1168 Union Street, Ste. 303
San Diego, CA  92101-3818
Office: (619)234-3616
Fax: (619)234-0054

Attorney for Defendant
**RUDY TIJERINA, JR.**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HON. JEFFREY T. MILLER)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.  08 cr 1540 |
| Plaintiff, ) | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. ) | |
| RUDY TIJERINA, JR. ) | |
| Defendant. ) | |

## STATEMENT OF FACTS

The Information alleges one count of conspiracy to manufacture marijuana, more than 1000 plants.  Thirteen defendants are charged.  Mr. Tijerina is named as the fifth defendant. Search warrant affidavits and photographs have been initially provided and reveals an investigation involving four houses where marijuana was allegedly being grown. Discovery is still being received.  Defendant requests permission to amplify the facts at such further time as discovery is completed.

### MEMORANDUM OF POINTS AND AUTHORITIES

#### I.

#### MOTION TO COMPEL DISCOVERY

The government must disclose the information requested in this motion for discovery under the obligations of Federal Rule of Criminal Procedure 16 and *Brady v.*

1  *Maryland*, 373 U.S. 83 , 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). Moreover, a defendant's

2  entitlement to due process of law, guaranteed by the Fifth Amendment to the United States

3  Constitution, as well at his Sixth Amendment right to effective assistance counsel, impose

4  additional requirements on the Court and prosecution to ensure the production of fair

5  discovery.

6      All of the requests are for items within the possession, custody, or control of either

7  state or the federal government. This, of course, includes attorneys for the government,

8  agents of the Federal Bureau of Investigation, the Drug Enforcement Administration, the

9  U.S. Customs, the Immigration and Naturalization Service and in this case other

10  government agents, officials, employees, or informants participating in the investigation

11  or prosecution of the matters involved in this case whether under state or federal authority.

12  It has been held repeatedly that the government's discovery obligations extend to materials

13  in the possession, custody or control of all its agencies and agents.  *See, e.g. United*

14  *States v. Beasley*, 576 F.2d 625, 632 (5th Cir. 1978); *United States v. Bryant*, 439 F.2d

15  642, 650 (D.C. Cir. 1971); *United States v. James*, 495 F.2d 434, 436 (5th Cir. 1974);

16  *United States v. Deutsch*, 475 F.2d 55, 57 (5th Cir. 1973).  This request is not limited to

17  those items that the prosecutor knows of, but rather includes all discovery listed below that

18  is in the custody, control, care, or knowledge of any "closely related investigative [or other]

19  agencies" under *United States v. Bryan*, 868 F.2d 1032 (9th Cir.), *cert. denied*, 493 U.S.

20  858 (1989):

21      This proposition was further reiterated in the United States Supreme Court case of

22  *Kyles v. Whitley,* 514 U.S. 419, 115 S.Ct. 1555, 131 L. Ed. 2d 490 (1995) in which the

23  court stated:

24          "[T]he prosecution, which alone can know what is undisclosed,
            which alone can know what is undisclosed, must be assigned
25          the consequent responsibility to gauge the likely net effect of
            all such evidence and make disclosure when the point of
26          "reasonable probability" is reached. This in turn means that
            the individual prosecutor has a duty to learn of any favorable
27          evidence known to the others acting on the government's
            behalf in the case, including the police. But whether the
28          prosecutor succeeds or fails in meeting this obligation

1
2       (whether, that is, a failure to disclose is in good faith or bad
3       faith, see *Brady*, 373 U.S. at 87), the prosecution's
        responsibility for failing to disclose known, favorable evidence
        rising to a material level of importance is inescapable."

*Id.* 115 S.Ct. at 1567.

4       (1) <u>The Defendant's Statements</u> Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant

5   is entitled to disclosure of <u>all</u> copies of any written or recorded statements made by the

6   defendant; the substance of any statements made by the defendant which the government

7   intends to offer in evidence at trial; any recorded testimony of the defendant before the

8   grand jury; any response by the defendant to interrogation; the substance of any oral

9   statements which the government intends to introduce at trial, and any written summaries

10  of the defendant's oral statements contained in the handwritten notes of the government

11  agent; any response to any <u>Miranda</u> warnings which may have been given to the

12  defendant (<u>see</u> <u>United States v. McElroy</u>, 697 F.2d 459 (2d Cir. 1982)); and any other

13  statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The

14  Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that

15  the Government must reveal <u>all</u> the defendant's statements, whether oral or written

16  regardless of whether the Government intends to introduce those statements;

17      (2) <u>Arrest Reports, Notes and Dispatch Tapes</u> The defendant also specifically

18  requests that all arrest reports, notes and dispatch or any other tapes that relate to the

19  circumstances surrounding his arrest or any questioning, if such reports have not already

20  been produced in their entirety, be turned over to him. This request includes, but is not

21  limited to, any rough notes, records, reports, transcripts or other documents in which

22  statements of the defendant or any other discoverable material is contained. This is all

23  discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83

24  (1963). <u>See also</u> <u>United States v. Johnson</u>, 525 F.2d 999 (2d Cir. 1975), <u>cert. denied</u>, 424

25  U.S. 920 (1976); <u>United States v. Lewis</u>, 511 F.2d 798 (D.C. Cir. 1975); <u>United States v.</u>

26  <u>Pilnick</u>, 267 F. Supp. 791 (S.D.N.Y. 1967); <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir.),

27  <u>cert. denied</u>, 393 U.S. 867 (1968). Arrest reports, investigator's notes, memos from

28  arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining

to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I);

(3) Reports of Scientific Tests or Examinations Pursuant to Fed. R. Crim. P. 16(D), Mr. Tijerina  requests the reports of all tests and examinations conducted upon any evidence in this case;

(4) Brady Material The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.   Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused.   United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976);

(5) Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines (U.S.S.G.) As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the U.S.S.G. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the U.S.S.G.;

(6)  The Defendant's Prior Record Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B);  This information is specifically requested, as is a complete "rap sheet" or criminal history summary.

(7)  Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.   The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

5

1    (8) <u>Evidence Seized</u> Evidence seized as a result of any search, either warrantless

2  or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C);

3    (9) <u>Request for Preservation of Evidence</u>  The defendant specifically requests that

4  all dispatch tapes, alleged marijuana, packaging,  or any other physical evidence that may

5  be destroyed, lost, or otherwise put out of the possession, custody, or care of the

6  government and which relate to the arrest or the events leading to the arrest in this case

7  be preserved;

8    (10) <u>Tangible Objects</u> The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C),

9  the opportunity to inspect and copy as well as test, if necessary, all other documents and

10  tangible objects, including photographs, books, papers, documents, photographs, of

11  building or places or copies of portions thereof which are material to the defense or

12  intended for use in the government's case-in-chief, or were obtained from or belong to the

13  defendant; Specifically defendant demands the opportunity to inspect the vehicle and to

14  weigh the marijuana.

15    (11) <u>Evidence of Bias or Motive to Lie</u> The defendant requests any evidence that

16  any prospective government witness is biased or prejudiced against the defendant, or has

17  a motive to falsify or distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39

18  (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988), <u>cert. denied</u>, 489 U.S. 1032

19  (1989);

20    (12) <u>Impeachment Evidence</u> The defendant requests any evidence that any

21  prospective government witness has engaged in any criminal act, whether or not resulting

22  in a conviction, and whether any witness has made a statement favorable to the defendant.

23  <u>See</u> Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under <u>Brady v.</u>

24  <u>Maryland</u>, 373 U.S. 83 (1963). <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988)

25  (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that

26  detracts from a witness' credibility);

27    (13) <u>Evidence of Criminal Investigation of Any Government Witness</u> The defendant

28  requests any evidence that any prospective witness is under investigation by federal, state

1  or local authorities for any criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d

2  Cir.), cert. denied, 474 U.S. 945 (1985);

3  (14) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth

4  Telling  The defense requests any evidence, including any medical or psychiatric report

5  or evaluation, tending to show that any prospective witness' ability to perceive, remember,

6  communicate, or tell the truth is impaired; and any evidence that a witness has ever used

7  narcotics or other controlled substance, or has ever been an alcoholic.  United States v.

8  Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th

9  Cir. 1980);

10  (15) Witness Addresses  The defendant requests the name and last known address

11  of each prospective government witness.  See United States v. Napue, 834 F.2d 1311 (7th

12  Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview

13  government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175,

14  1181 (9th Cir. 1979) (defense has equal right to talk to witnesses), cert. denied, 444 U.S.

15  1034 (1980).  The defendant also requests the name and last known address of every

16  witness to the crime or crimes charged (or any of the overt acts committed in furtherance

17  thereof) who will not be called as a government witness.  United States v. Cadet, 727 F.2d

18  1453 (9th Cir. 1984);

19  (16) Name of Witnesses Favorable to the Defendant  The defendant requests the

20  name of any witness who made an arguably favorable statement concerning the defendant

21  or who could not identify him or who was unsure of his identity, or participation in the crime

22  charged.  Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina,

23  637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert.

24  denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert.

25  denied, 444 U.S. 1086 (1980);

26  (17) Statements Relevant to the Defense  The defendant requests disclosure of any

27  statement that may be "relevant to any possible defense or contention" that he might

28  assert.  United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(18) <u>Jencks Act Material</u> The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963). In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.  The defense requests pre-trial production of <u>Jencks</u> material to expedite cross-examination and to avoid lengthy recesses during trial;

(19) <u>Giglio Information</u> Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses;

(20)  <u>Personnel Records of Government Officers Involved in the Arrest</u> The defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source; other source;

(21) <u>Government Examination of Law Enforcement Personnel Files</u> Mr. Tijerina requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. Tijerina requests that these files be reviewed by the government attorney for evidence of perjurious  conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  The

8

obligation to examine files arises by virtue of the defense making a demand for their review:  the Ninth Circuit in <u>Henthorn</u> remanded for <u>in camera</u> review of the agents' files because the government failed to examine the files of agents who testified at trial.  This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Tijerina  prior to trial. Mr. Tijerina specifically requests that the prosecutor, not the law enforcement officers, review the files in this case.  The duty to review the files, under <u>Henthorn</u>, should be the prosecutor's and not the officers'.  Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

(22) Any and All Photographs Shown to Any Witness

(23) <u>Residual Request</u>.  Mr. Tijerina intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  Mr. Tijerina requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

**II.**
**THE COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS.**

Mr Tijerina asks leave to file further motions in the event further discovery gives rise to the need for further pre-trial proceedings.

**III.**
**CONCLUSION**

For the foregoing reasons, defendant request that this motion for discovery and motion for leave for further filings be granted.

Dated: May 28, 2008

            */s/Nancy Bryn Rosenfeld*
**NANCY BRYN ROSENFELD**
**Attorney for Defendant**
**RUDY TIJERINA, JR.**

9

08 cr 1540